UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JEFFREY L. G.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00583-DLP-JRS |
| | ) |
| KILOLO KIJAKAZI, | ) |
| | ) |
| Defendant. | ) |

### ORDER

This matter comes before the Court on Defendant's Motion to Alter or Amend the Court's Order, Dkt. [24]. For the reasons that follow, the Motion is hereby **GRANTED IN PART**.

**I.   BACKGROUND**

On November 2, 2020, Plaintiff initiated this lawsuit seeking judicial review of Administrative Law Judge Jennifer Smiley's March 6, 2020 unfavorable decision finding that Jeffrey was not disabled.[2] On March 18, 2022, the Court reversed the ALJ's decision and remanded the case for further proceedings. (Dkt. 22). Specifically, the Court found the ALJ's RFC analysis lacked sufficient explanation as to why certain limitations were not included for arm usage, time off-task, or absence and the ALJ's subjective symptom analysis was insufficient. (Id.).

---

[1] In an effort to protect the privacy interests of claimants for Social Security benefits, the Southern District of Indiana has adopted the recommendations put forth by the Court Administration and Case Management Committee of the Administrative Office of the United States Courts regarding the practice of using only the first name and last initial of any non-government parties in Social Security opinions. The Undersigned has elected to implement that practice in this Order.
[2] ALJ Smiley's decision was rendered the final Agency decision after the Appeals Council denied Jeffrey's request for review on August 31, 2020. (Dkt. 15-2 at 5-7, R. 1-3).

1

On April 14, 2022, the Commissioner filed the present 59(e) motion to alter or amend the Court's order. (Dkt. 24). On April 28, 2022, Plaintiff filed his response. (Dkt. 30). The Commissioner did not file a reply and the time to do so has passed.

## II.   STANDARD OF REVIEW

"Rule 59(e) allows a court to alter or amend a judgment only if the [movant] can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations and citation omitted). Relief under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

## III.   ANALYSIS

The Commissioner does not challenge the Court's decision to remand, but rather asks that the Court amend its March 18, 2022 order to remove two paragraphs because they "erroneously suggest that an ALJ must explicitly discuss hypothetical limitations posed to a vocational expert, regardless of whether there is any evidentiary support for those limitations." (Dkt. 24 at 1). The two paragraphs in question from the Court's order are as follows:

> Similarly, Jeffrey asserts that the ALJ's decision should be remanded for failure to address the VE's testimony regarding time off-task and absenteeism at the hearing. While it is true that the ALJ did not include a limitation for time off-task or absences in Jeffrey's RFC, at the hearing the ALJ solicited from the vocational expert his opinion concerning Plaintiff's off-task time and absences, which indicates that the ALJ did consider this

2

> issue. (Dkt. 15-2 at 55-56, R. 51-52); *see Kukec v. Berryhill*, No. 16 CV 9805, 2017 WL 5191872, at *3 (N.D. Ill. Nov. 9, 2017) (ALJ's questioning of vocational expert on off-task time indicates ALJ's consideration of issue for RFC, but error occurred when ALJ included no analysis of off-task time in opinion); *see also Diaz v. Berryhill*, No. 2:17-cv-314, 2018 WL 4627218, at *8 (N.D. Ind. Sept. 27, 2018) (same). Specifically, the vocational expert testified that a hypothetical individual who was off-task 10% of the day would not be eligible for any employment, and also that a hypothetical employee who missed one day or more in an average month (including tardiness) would not be eligible for any employment. (Dkt. 15-2 at 55-56, R. 51-52).
>
> The ALJ's error occurs by considering the issues of off-task time and absences at the hearing, but then failing to provide any analysis of either issue in her opinion. Nowhere in the ALJ's opinion does she address either of these potential functional limitations, either one of which would be case dispositive and result in a finding that Jeffrey was disabled. The ALJ may have decided that neither limitation was warranted based on the record at hand, but this Court is unable to ascertain whether the ALJ adequately considered these two potential RFC limitations. *Lothridge*, 984 F.3d at 1234 (citing *Winsted v. Berryhill*, 923 F.3d 472, 477 (7th Cir. 2019). On this issue as well, the ALJ failed to provide a logical bridge from the evidence to her conclusion.

(Dkt. 22 at 13-14).

The Commissioner argues that Jeffrey never presented evidence that he needed time off-task or absences, and also that because there is no evidence that Jeffrey suffered from difficulties with concentration, persistence, or pace, it was error for the Court to conclude that the ALJ must consider the need for off-task time or absences. (Dkt. 24 at 3-8). First, the Commissioner provides no support for her contention that only difficulties in concentration, persistence, or pace can form the basis of RFC limitations for time off-task or absences, and the Court can find no such authority on its own review. Second, and perhaps more importantly, Plaintiff never contended that he had deficits in concentration, persistence, or pace; instead,

3

he clearly argued in his opening brief that the ALJ should have considered whether and how his physical conditions would affect the need for off-task time or absences. Plaintiff's opening brief specifically stated:

> Additionally, despite Plaintiff's fatigue, dizziness, shortness of breath, edema, medications, need to take frequent breaks to rest due to his heart condition, and lack of transportation, there was no determination of Plaintiff's need to be off task or absent from work. (*See, e.g.*, Argument (II)(A), *supra* (reported fatigue, shortness of breath, and intermittent dizziness and heart palpitations which appear to correspond with episodes of fibrillation and resulting pacing or shocks from Plaintiff's defibrillator); Dkt. 15-2 at p. 45-47, 49-50, R. 41-43, 45-46 (Plaintiff can do chores for only 30 minutes before needing to rest to lower his heartrate; uses the toilet at least every hour due to the medications he takes for edema; does not have a vehicle and has been unable to go to medical appointments despite a need for evaluation of his heart conditions).) The Seventh Circuit recently made clear that ALJs must confront such evidence; failure to do so warrants remand:
>
>> the Commissioner argue[d] that Lothridge failed to identify which additional limitations were supported by the record. As the vocational expert testified, however, for Lothridge to be employable, she would need to be able to stay on task for at least 90% of the workday and to have minimal tardiness and only one absence per month. The ALJ neither cited evidence that Lothridge could meet these benchmarks nor addressed the evidence that she could not. *See Winsted v. Berryhill,* 923 F.3d 472, 477 (7th Cir. 2019). The Commissioner proposes that the ALJ implicitly rejected that evidence by imposing no limitations beyond restricting Lothridge to simple tasks and decisions. But this attempt to supply a post-hoc rationale for the ALJ's decisive findings runs contrary to the *Chenery* doctrine. *See SEC v. Chenery Corp.*, 318 U.S. 80, 87–88, 63 S.Ct. 454, 87 L.Ed. 626 (1943); *Parker,* 597 F.3d at 922. The record also contains evidence of additional limitations—such as a need for frequent breaks and accommodations for poor concentration and focus—that the ALJ was obliged to consider. *See Young v. Barnhart*, 362 F. 3d 995, 1002–03 (7th Cir. 2004).
>
> *Lothridge v. Saul,* 984 F.3d 1227, 1234-35 (7th Cir. 2021); *see also Diaz v. Berryhill,* No. 2:17-cv-314, 2018 WL 4627218, at *8 (N.D. Ind. Sept. 27,

4

> 2018) (ALJ erred in failing to provide any analysis as to whether claimant "was limited by any off-task allowances and, if so, for how long," and for what reason claimant might need to be off task). Here, the VE testified that (1) being off task 10 percent or more of the workday or (2) missing more than 1 day a month, including tardiness, would *preclude work*. (Dkt. 15-2 at p. 56, R. 52.) Yet, the ALJ entirely failed to determine whether Plaintiff would need to be off task or absent, or incorporate the VE's testimony into the RFC, "leaving the RFC altogether uninformed by considerations of off-task time or unplanned leave." *Crump v. Saul*, 932 F.3d 567, 570 (citing *Winsted v. Berryhill*, 923 F.3d 472, 477 (7th Cir. 2019)). Thus, like *Lothridge* and *Crump*, this case should be remanded as there is no logical bridge between the evidence and the ALJ's RFC. See also SSR 96-8p, 1996 WL 374184, at *7 (The ALJ "must" describe how "the evidence supports each conclusion") (emphasis added).

(Dkt. 17 at 19-20). Indeed, in the Court's order, it was specifically noted that Jeffrey argued "that the ALJ should have included limitations for . . . time off-task due to the symptoms of his heart condition." (Dkt. 22 at 11).

Nevertheless, the Court acknowledges that its two paragraphs read in isolation seem to suggest that ALJs are always required to address off-task time or absences in the opinion if the issues are brought up at the hearing. That is not the standard. Rather, the Court found that the ALJ was required to discuss off-task time or absences in the opinion because the Plaintiff had presented evidence supporting such limitations, which then placed the burden on the ALJ to ensure that the opinion adequately addressed those potential dispositive limitations.

For example, as noted in Plaintiff's brief, Plaintiff testified at the hearing that walking, prolonged standing, and his limited daily activities induced heavy breathing, which in turn caused his defibrillator to shock him. (Dkt. 15-2 at 37, 44, 46, R. 33, 40, 42). Sometimes his defibrillator would go off when he was shopping or even sleeping. (Id. at 51-52, R. 47-48). In fact, although Plaintiff's activity level had

5

sharply declined in late 2019, he experienced an increased number of defibrillator paces and shocks due to abnormal heart rate. (Dkt. 17 at 5-6 (citing Dkt. 15-4 at 124-129, R. 474-479)). Those defibrillator shocks would cause Plaintiff to lose his breath and bring him "to his knees," and cause numbness to the left side of his body. (Dkt. 15-2 at 37, 44, 46, R. 33, 40, 42). Thus, Plaintiff presented sufficient evidence to the ALJ, both in the medical records and in his testimony, that would support his claims of fatigue, dizziness, shortness of breath, palpitations, and defibrillator shocks or paces, all of which could potentially result in Plaintiff needing additional time off-task or absences from work.

The Court's Order first found remand required because Jeffrey had presented sufficient evidence detailing his limitations related to lifting and carrying, and the ALJ had not mentioned any of that testimony or evidence in her opinion. (Dkt. 22 at 12-13). The Court concluded that section by noting: "The ALJ does not mention any information or testimony regarding Jeffrey's left arm usage at any point in her decision. The ALJ may well have considered this issue and decided that no RFC limitations were warranted, but she was required to say so. Without any such analysis in the opinion, the Court is prevented from engaging in a meaningful review, and this issue warrants remand." (Id. at 13). It is for this same reason that the Court found that the ALJ erred when considering time off-task or absences, because the ALJ's silence in the face of sufficient evidence prevented the Court from conducting any sort of meaningful review. The Court's order could have been clearer on this point; accordingly, the Court will grant in part the Defendant's motion in

6

order to clarify the reasoning for finding that the ALJ should have considered off-task time and absences in the opinion.

### IV. CONCLUSION

For the reasons stated herein, Defendant's Motion to Alter or Amend the Court's Order, Dkt. [24], is **GRANTED IN PART**. An Amended Order will be issued separately.

So ORDERED.

Date: 8/25/2022

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:
All ECF-registered counsel of record via email.